AMERICAN RAILWAY EXPRESS COMPANY *v.* THOMPSON.

Opinion delivered December 7, 1931.

*E. L. Westbrooke, Jr.,* and *E. L. Westbrooke,* for appellant.

*Frank C. Douglas* and *W. D. Gravette,* for appellee.

HUMPHREYS, J. Swann-Abram Hat Company, Incorporated, of Louisville, Kentucky, brought suit against appellant and appellees to recover the value of a lot of hats which it sold to appellees and shipped by express from Louisville to Luxora, Arkansas, but which were never delivered to appellees at Luxora by appellant. Appellees filed an answer, denying that they received the hats, and a cross-complaint against appellant for the value of the hats for failure to deliver them, in case Swann-Abram Hat Company, Incorporated, should recover judgment against them. Appellant defended against the cross-complaint on the ground that the receipt which it gave for the hats provided that it should not be liable for failure to deliver same unless presented with a written claim for their value within six months and fifteen days after the date of the shipment. The cause was submitted upon the issues joined, the evidence adduced and

the instructions given by the court, resulting in a judgment in favor of Swann-Abram Hat Company against appellees, from which there is no appeal, and a judgment for $97.50, and interest, in favor of appellees on their cross-complaint against appellant, from which is this appeal.

The shipment of hats was made October 23, 1925, and, so far as the records kept by appellant in its office at Luxora disclose, the hats were not received, but the waybill for same was. This waybill, with several others, was lost by appellant's driver, and, upon his statement that he had delivered the goods, the agent at Luxora made him pay the express charges on the several shipments. In December following appellant sent tracers from its office in Louisville for the lost waybills covering these various shipments, which tracers were received at Luxora but never presented to the several consignees for their signature showing the delivery of the shipments. The agent signed and returned the tracers under his own signature, stating that the original waybills had been lost, but that the goods had been delivered, and did this without first going to the appellees, or other consignees, to see whether the deliveries had been made. The hats were sold to appellees on six months' time, or on what was called a six months' dating, and they knew nothing about the shipment of the hats, nor how they were shipped, until an attempt was made to collect for them, and more than six months and fifteen days after date of shipment. And after considerable correspondence they ascertained that they had been shipped by express in October, 1925. They then went to see the express agent, who stated that they had receipted for the hats. They denied having received them, and the agent agreed to take the matter up and make an investigation. A request was sent by the agent for the original receipt, which disclosed that the original waybill had been lost and that the agent had signed the tracer sent for the lost waybill himself, and he admitted that appellees had never signed any receipt for same.

900

The investigation was as full and complete as if appellant had received written notice of the non-delivery of the hats, and it disclosed that its own agent was at fault from the very beginning in handling the original waybill and tracer sent out in December, 1925. By making the investigation on verbal notice and thereby discovering the true facts with reference to handling the shipment, appellant waived its right to written notice of failure to deliver the hats. In making the investigation and reporting to appellees that the failure to deliver the shipment was due to the negligence of its own agent, appellant led appellees to believe that there was no necessity for a written notice of non-delivery, and thereby waived the clause in the original receipt providing for written notice in case of non-delivery of the shipment.

The facts in the instant case do not bring it within any case cited by appellant to support its contention that it was entitled to written notice of non-delivery of the hats.

No error appearing, the judgment is affirmed.